IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENELOPE NASH,               )
                                       )
              Plaintiff,      )    Civil No. 05-6114-JO
                                       )
           v.              )    <u>OPINION AND ORDER</u>
                                       )
COMMISSIONER, SOCIAL SECURITY    )
ADMINISTRATION,              )
                                       )
              Defendant.     )

Brenda S. Moseley
320 Central Avenue, Suite 422
Coos Bay, OR 97420

  Attorney for Plaintiff

Michael McGaughran
Richard A. Morris
SOCIAL SECURITY ADMINISTRATION
Office of the General Counsel
701 Fifth Avenue
Suite 2900, MS/901
Seattle, WA 98104

Neil J. Evans
UNITED STATES ATTORNEY'S OFFICE
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902

   Attorneys for Defendant

JONES, Judge:

   Plaintiff Penelope Nash seeks judicial review of a final decision of the Commissioner of

Social Security denying her applications for disability insurance benefits (DIB) and

supplemental security income (SSI) disability benefits.  This court has jurisdiction to review the

Commissioner's decision pursuant to 42 U.S.C. § 405(g).  Following a careful review of the

record, I conclude that the Commissioner's decision is supported by substantial evidence, and

that, although the decision is not free from error, the error was harmless, and the Commissioner's

decision denying benefits is therefore affirmed.

## ADMINISTRATIVE HISTORY

   Plaintiff filed an application for DIB and SSI on August 22, 2001, alleging that she had

been disabled since September 15, 2000, due to Post Traumatic Stress Disorder (PTSD),

depression, and musculoskeletal problems.  After her applications were denied initially and on

reconsideration, she requested a hearing before an Administrative Law Judge (ALJ).

   The ALJ held a hearing on February 4, 2004, at which plaintiff, who was represented by

an attorney, testified.  A vocational expert also testified.  On March 22,  2004, the ALJ issued a

decision denying plaintiff's applications for benefits.  On February 18, 2005, the ALJ's decision

became the final decision of the Commissioner when the Appeals Council denied plaintiff's

request for review.  Plaintiff challenges that decision in the present action.

## STANDARD OF REVIEW

2 - OPINION AND ORDER

This court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g).  "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Tylitzki v. Shalala, 999 F.2d 1411, 1413 (9th Cir. 1993).  This court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion."  Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).  The Commissioner's decision must be upheld if it is a rational interpretation of the evidence, even if there are other possible rational interpretations.  Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989).

## DISABILITY ANALYSIS

The Commissioner engages in a five-step sequential inquiry to determine whether a person is disabled within the meaning of the Social Security Act (SSA).  20 C.F.R. §§ 404.1520, 416.920.  Each step is potentially dispositive.

Step One:  The Commissioner determines whether the claimant is engaged in substantial gainful activity.  20 C.F.R. §§ 404.1520(4)(i), 416.920(b).  If so, the claimant is not disabled.  If not, the Commissioner proceeds to Step Two.

Step Two:  The Commissioner determines whether the claimant has a severe impairment. 20 C.F.R. §§ 404.1520(4)(ii), 416.920(c).  If so, the Commissioner proceeds to Step Three.  If not, the claimant is not disabled and the inquiry is finished.

Step Three:  The Commissioner determines whether the claimant's impairment meets or equals one of the impairments listed in the SSA regulations, 20 C.F.R. Pt. 404, Subpt. P, App. 1.

See also 20 C.F.R. §§ 404.1520(4)(iii), 416.920(d).  If the claimant's impairment meets or equals

one of the listed impairments, she is disabled.  If not, the Commissioner proceeds to Step Four.

Step Four:  The Commissioner determines whether the claimant is capable of performing

her past relevant work.  20 C.F.R. §§ 404.1520(4)(iv), 416.920(e)-(f).  If so, the claimant is not

disabled.  If not, the Commissioner proceeds to Step Five.

Step Five:  The Commissioner determines whether the claimant has the residual

functional capacity to perform any other work.  20 C.F.R. §§ 404.1520(4)(v), 416.920(g).  If the

claimant is not able to perform other work, she is disabled.  The Commissioner has the burden of

showing that a claimant can perform jobs that exist in significant numbers in the national

economy.  Tackett v. Apfel, 180 F.3d 1094, 1099 (9th Cir. 1999).  The Commissioner may meet

this burden with the testimony of a vocational expert (VE) or by reference to the Medical-

Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P, App. 2.  If the Commissioner demonstrates

that there are a significant number of jobs that the claimant can perform, then the claimant is not

disabled.  Tackett, 180 F.3d at 1098-99; 20 C.F.R. §§ 404.1520(g),  416.920(g)(1).

### SUMMARY OF ALJ'S FINDINGS

The ALJ employed the five-step inquiry to evaluate plaintiff's alleged disability.  First,

the ALJ found that plaintiff's brief periods of employment after September 15, 2000 did not rise

to the level of substantial gainful activity.  Second, the ALJ determined that plaintiff has severe

impairments including alcohol dependency, a history of multiple drug abuse, PTSD, anxiety,

panic with agoraphobia, a personality disorder with histrionic, antisocial and borderline features

and malingering.  Tr. 19; 20 C.F.R. §§ 404.1520, 416.920.  Third, the ALJ determined that

although plaintiff's impairments were "severe" within the meaning of the Regulations, her

impairments listed did not meet or medically equal any of the impairments listed in Appendix 1, Subpart P.   Fourth, the ALJ found that plaintiff did not retain the residual functional capacity to perform the requirements of her past relevant work.  Finally, based on the testimony of the VE, the ALJ determined that plaintiff retained the residual functional capacity to perform other work existing in significant numbers in the national economy.

## STATEMENT OF FACTS

Plaintiff was born on January 1, 1955.  She has a high school education and has additional schooling at the community college level and in dental technology.  Over the years she has worked in a variety of jobs in the dental field and, more recently, in the food service industry.  She alleges she became disabled on September 15, 2000, due to PTSD, depression, and head and back pain.  At the time, plaintiff was employed as a beverage server, a job that required her to push a cart weighing 75-100 lbs. loaded with glassware.  She quit the job after being denied reassignment to a position with less physical requirements.  After the onset of her alleged disability, plaintiff obtained additional clerical training through vocational rehabilitation and worked at Wal-Mart for a two-week period.

## DISCUSSION

Plaintiff challenges the ALJ's findings on two grounds:  She first contends that the ALJ prematurely discounted the effect of her drug and alcohol abuse (DAA) during the five-step evaluation; and, that the Commissioner failed to meet her burden of showing that plaintiff could perform other work in the national economy.  The Commissioner concedes that the ALJ prematurely discounted plaintiff's DAA, but contends the error was harmless.  The

5 - OPINION AND ORDER

Commissioner further asserts that she met her burden of showing that plaintiff could perform other work in the national economy.

    1. **The ALJ's premature discounting of the Drug and Alcohol Abuse condition.**

    In step four of his analysis, whether plaintiff retained the residual functional capacity to perform the requirements of her past relevant work, the ALJ considered plaintiff's symptoms, including pain and the extent to which plaintiff's symptoms were consistent with the objective medical evidence, the medical opinions from acceptable medical sources, and all the objective medical evidence. The ALJ concluded that the record did not establish plaintiff's alleged physical impairments (head and back pain). As for plaintiff's alleged debilitating mental problems, the ALJ again looked at plaintiff's symptoms that were consistent with the objective medical evidence, the medical opinions from acceptable medical sources, and all the objective medical evidence. At this stage, the ALJ discounted plaintiff's DAA, stating:

> The claimant has had multiple emergency room hospitalizations subsequent to suicidal gestures or ideation ... [h]owever, in each case the claimant had been consuming alcohol before hand. ... Lay opinions from a nurse practitioner ... and therapist ... both of whom appear to have had a limited treatment relationship with the claimant ... indicate profound mental incapacity. ... However, they omit discussion of substance abuse as a possible contributing factor. ... [A]ll of her alleged mental problems appear to have been present for many years. The picture is clearer when her patterns of alcohol abuse are eliminated from consideration. As noted above there is no documented instance of hospitalization for acute emotional distress when substance abuse (and medical noncompliance) was not involved.

Tr. 20-21. The ALJ concluded:

> [t]he claimant's testimony is not found credible to any significant degree. Her allegations of physical impairment are not supported by objective evidence of significant underlying impairment. Her allegations of acute emotional distress

also are not documented in the record, absent the material effects of substance abuse.

Tr. 21.

In <u>Sousa v. Callahan</u>, 143 F.3d 1240 (9th Cir. 1998), the court stated:

Title 42 U.S.C. § 423(d)(2)(C) provides that "[a]n individual shall not be considered to be disabled for purposes of this subchapter if drug addiction or alcoholism would...be a contributing factor material to the Commissioner's determination that the individual is disabled." The "key factor ... in determining whether alcoholism or drug addiction is a contributing factor material to the determination of disability" is whether an individual would still be found disabled if she stopped using alcohol or drugs. 20 C.F.R. § 404.1535(b)(1). "In making this determination, [the Commissioner] will evaluate which of [the claimant's] current physical and mental limitations ... would remain if [she] stopped using drugs or alcohol and then determine whether any or all of [her] remaining limitations would be disabling." 20 C.F.R. § 404.1535(b)(2).

<u>Id</u>. at 1245. Thus, the ALJ must make a determination whether drug and alcohol abuse are a contributing factor to the determination of disability. The issue raised here is at what stage in the analysis must that determination be made.

In <u>Bustamante v. Massanari</u>, 262 F.3d 949 (9th Cir. 2001), the court considered whether it was error for an ALJ to determine that a claimant's mental impairments were the consequence of alcohol abuse prior to making a determination that the claimant was disabled under the five-step inquiry. <u>Id</u>. at 954-55. In <u>Bustamante</u>, the ALJ determined at step two of the five-step analysis that the claimant did not have a severe disability, that alcohol abuse was the claimant's primary impairment and other behavioral and emotional conditions were secondary to the alcohol abuse and were not independently severe or disabling. The ALJ also determined at step four that the claimant retained the physical and mental ability, despite his alcohol abuse, to perform past relevant work. <u>Id</u>. at 952. The court held the ALJ erred by concluding at step two that claimant's condition was the consequence of his alcohol abuse and not an independently

7 - OPINION AND ORDER

severe or disabling impairment.  The court stated:  "The ALJ should have proceeded with the five-step inquiry without attempting to determine the impact of Bustamante's alcoholism on his other mental impairments.  If, and only if, the ALJ found that Bustamante was disabled under the five-step inquiry, should the ALJ have evaluated whether Bustamante would still be disabled if he stopped using alcohol."  Id. at 955.   The court relied on Drapeau v. Massanari, 255 F.3d 1211 (10th Cir. 2001), which noted that finding a claimant disabled under the five-step inquiry is a condition precedent to an application of 42 U.S.C. § 423(d)(2)(C).  Id. at 955.

In this case, the ALJ prematurely factored out plaintiff's DAA because he failed to complete the five-step analysis before determining that plaintiff would not be disabled if she stopped her drug and alcohol abuse.  The Commissioner concedes that this was error, but contends that the error was harmless.

The Commissioner contends that even if the ALJ found plaintiff to be disabled at step five, factoring out plaintiff's drug and alcohol abuse after completion of step five would inevitably result in the ALJ reaching the same conclusion of "not disabled."  I agree.  The record shows that during each of the hospital admissions, there was little evidence of any underlying impairments once alcohol abuse was discounted.  In May 2001, plaintiff was admitted to the hospital emitting the strong smell of alcohol and with superficial cuts on her arm.  Once sober, she was more cooperative, less abusive and was discharged without suicidal ideation.  Tr. 257. After being admitted to the hospital in April 2003, the chart notes show no suicidal ideation the day after admission after she became sober.  Tr. 287.  Alcohol dependence and alcohol abuse are repeatedly her Axis I diagnoses.  Tr. 258, 276, 288, 327.  As noted by the ALJ, there "is no documented instance of hospitalization for acute emotional distress when substance abuse ... was

not involved." Tr. 21.   While plaintiff was treated for migraine headaches, the record shows that

she was treated only twice over a four year period.  Thus, while I conclude that the ALJ erred in

prematurely discounting plaintiff's DAA, the error was harmless.  See Burch v. Barnhart, 410

F.3d 676, 679 (9th Cir. 2005)(harmless error applies in the Social Security context).

      **2. The hypothetical question presented to the vocational expert.**

      Plaintiff contends that the ALJ did not include all of her limitations in the hypothetical

question he presented to the VE.   The ALJ asked the VE:

> I'd like you to consider a hypothetical individual, she is 49 years old.  She had a
> high school education and work as  [a waitress, a hospitality attendant, and a deli
> helper.]  She has moderate limitations, working with others as part of a team,
> including supervision.  And interacting appropriately with the public.  She can
> become distracted by others, and she can distract others.  And that's why she has a
> problem working with others.  With those limitations, could such an individual
> perform the work you identified as past work?

Tr. 399-400.

      Specifically, plaintiff contends that the ALJ failed to include the limitations described by

Joanne Rutland (a nurse practitioner) and Alex Shade (MSW therapist) regarding plaintiff's

inability to complete an eight-hour work day, to work in proximity to co-workers, to concentrate

for up to two hours at a time, to perform at a consistent pace without unreasonable rest periods,

and the fact that she would miss more than four days of work per month.  Because the ALJ failed

to include these limitations in his hypothetical, plaintiff contends there is no evidentiary support

for the ALJ's finding that plaintiff could perform work in the national economy.

      "If a claimant shows that he or she cannot return to his or her previous job, the burden of

proof shifts to the [Commissioner] to show that the claimant can do other kinds of work."

Embry v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988).  The Commissioner must show that the

claimant can perform other types of substantial, gainful work that exists in the national economy; specific reference should be made to realistic job opportunities. Sample v. Schweiker, 694 F.2d 639, 643 (9th Cir. 1982). "Without other reliable evidence of a claimant's ability to perform specific jobs, the [Commissioner] must use a vocational expert to meet that burden. Hypothetical questions posed to the vocational expert must set out all the limitations and restrictions of the particular claimant ... ." Embrey, 849 F.2d at 422 (emphasis in original; citations omitted). A VE's testimony "is valuable only to the extent that it is supported by medical evidence." Sample, 694 F.2d at 644. The VE's opinion about a claimant's residual functional capacity has no evidentiary value if the assumptions in the hypothetical are not supported by the record. However, the ALJ is not bound to accept as true the restrictions presented in a hypothetical question propounded by a claimant's counsel. Martinez v. Heckler, 807 F.2d 771 (9th Cir. 1986). Rather, the ALJ is "free to accept or reject these restrictions ... as long as they are supported by substantial evidence." Id. at 774.

      The ALJ's hypothetical included some of the limitations identified by Rutland and Shade. Neither Rutland nor Shade qualifies as a medical source under 20 C.F.R. §§ 404.1513 or 416.913, however, the ALJ appropriately took their opinions into account as competent lay evidence. He included in his hypothetical their conclusions that plaintiff has difficulty working with others as a part of a team, including supervisors, and interacting appropriately with the public. Rutland's and Shade's conclusions are substantiated in a letter by plaintiff's friend, Jack Silveira. See Tr. 138-139 ("In the past when she has worked, she has had on a continual basis, problems with her co-workers ... .")

10 - OPINION AND ORDER

The ALJ considered the other limitations identified by Rutland and Shade but rejected them on the basis that the opinions were conclusory and merely restated plaintiff's subjective complaints. Tr. 20. The record is devoid of treatment or clinical records to support, for example, any findings that plaintiff is unable to concentrate for up to two hours at a time. The ALJ, moreover, rejected the opinions to the extent they were based on plaintiff's subjective statements,[1] which the ALJ did not find to be credible. Finally, the ALJ rejected the opinions that plaintiff would miss more than four days per month of work because the opinions failed to discuss plaintiff's substance abuse as a contributing factor to her absences from work.

In sum, the ALJ's hypothetical question was supported by substantial evidence.

CONCLUSION

For the foregoing reasons, and based on my review of the record, the Commissioner's decision denying plaintiff disability insurance benefits and supplemental security income

---

[1] There are frequent references in the record to manipulation and malingering on plaintiff's part. During plaintiff's May 2, 2001 hospitalization, she refused a physical exam, and when questioned about previous suicide attempts, deflected all questions. Tr. 151-152. An examination performed by the clinical psychologist concluded that plaintiff's complaints were provided in a manner that suggested malingering. Tr. 164. An examination by an orthopedist indicated some "scattered give-way weakness which was easily coaxed up to full power." Tr. 168. Furthermore, when plaintiff was sober and would begin complaining of panic feelings and head and back pains, she was easily distracted when the focus was on the positive things that were happening in terms of maintaining her sobriety. Tr. 218. During her hospital admission in April 2002, she was found to be engaging in behavior that made it more difficult for the physicians to discharge her. Tr. 275.

11 - OPINION AND ORDER

disability benefits is supported by substantial evidence in the record as a whole and is, therefore,

AFFIRMED.

DATED this 2nd day of October, 2006.


 /s/ Robert E. Jones
ROBERT E. JONES
U.S. District Judge

12 - OPINION AND ORDER